THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AIR TRANSPORT ASSOCIATION OF
AMERICA, INC., d/b/a AIRLINES FOR
AMERICA, a Washington, D.C. nonprofit
corporation, and BAGGAGE AIRLINE
GUEST SERVICES, INC., a Florida
corporation,

                Plaintiffs,

    v.

PORT OF SEATTLE, a Washington
special-purpose municipal corporation, and
MARK M. REIS, PORT OF SEATTLE
MANAGING DIRECTOR, AVIATION
DIVISION, in his official capacity,

                Defendants.

No. _____

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF

## I.      NATURE OF ACTION

Plaintiffs Air Transport Association of America, Inc., d/b/a Airlines for America,

("Airlines for America"), and Baggage Airline Guest Services, Inc. ("BAGS") seek injunctive

and declaratory relief against Defendants Port of Seattle ("Port") and the Managing Director of

the Port's Aviation Division ("Director"), arising out of the Port of Seattle Commission's

passage of amended Resolution No. 3694 ("Resolution") and the Director's promulgation of

rules and regulations to implement the Resolution, codified as Section 10 of the Airport Rules

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

and Regulations ("Implementing Regulations"). The Resolution and the Implementing Regulations (collectively, "the Rules") impose unique employment standards for airline service workers at Seattle-Tacoma International Airport ("Airport"). These Rules are preempted by federal statute, including the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b)(1), the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, and the Federal Aviation Act ("FAA"), 49 U.S.C. § 40103. The Rules also exceed the Port's authority under Washington law.

## II. PARTIES

1.      Airlines for America is a nonprofit corporation organized under the laws of the District of Columbia, with its principal place of business in Washington, D.C. Airlines for America advocates for its member air carriers on issues of safety, security, customer service, environment, energy, taxes, economic growth, and other policies and measures relevant to the airline industry. Airlines for America's members are Alaska Airlines, Inc., American Airlines Group, Inc. (American Airlines and US Airways), Atlas Air, Inc., Delta Air Lines, Inc., Federal Express Corporation, Hawaiian Airlines, Inc., JetBlue Airways Corp., Southwest Airlines Co., United Continental Holdings, Inc. (United Airlines), and United Parcel Service Co. All of Airlines for America's members operate at the Airport. These Airlines for America member air carriers and their contract service providers will be subject to the Rules.

2.      BAGS is a corporation organized under Florida law with a principal place of business in Orlando, Florida. BAGS provides contract services for air carriers at airports across the United States, including the Airport. At the Airport, BAGS contracts with Airlines for America member air carriers to provide, among other services, baggage handling services, unaccompanied minor escort services, and wheelchair services. Some BAGS employees at the Airport qualify as Covered Employees, and BAGS will be subject to the Rules.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

3.      The Port is a Washington special-purpose municipal corporation doing business in King County, Washington.  The Port operates the Airport, as well as seaport, marina, pier, industrial, conference, and park facilities in King County.

4.      Mark M. Reis serves as Managing Director of the Aviation Division of the Port.

### III.      JURISDICTION AND VENUE

5.      The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367(a).  This Court has federal-question jurisdiction under Section 1331 because Plaintiffs seek relief from Port regulations that are preempted by federal statute and the Supremacy Clause of the United States Constitution, U.S. CONST. art. VI, cl. 2.  The Court has supplemental jurisdiction over Plaintiffs' state law claims, which relate to and arise out of the same facts supporting Plaintiffs' federal claims and form part of the same case or controversy under Article III of the United States Constitution.  The Court has the authority to provide declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b).  The Port resides in this District, and a substantial portion of the events giving rise to Plaintiffs' claims occurred in this District.

### IV.      FACTS AND BACKGROUND

7.      On July 22, 2014, the Port of Seattle Commission passed the Resolution.  The Resolution authorized and directed the Director to develop and promulgate the Implementing Regulations to carry out the employment standards specified in the Resolution.

8.      On October 3, 2014, the Director issued notice of intent to publish the Implementing Regulations, to be effective January 1, 2015.  The final Implementing Regulations have yet to be published, but, on information and belief, their promulgation is imminent.

9.      The Resolution provides that the Implementing Regulations will become effective on the later of January 1, 2015, or 45 calendar days after the Washington Supreme Court issues its opinion in *BF Foods LLC v. City of SeaTac*.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF – 3

10.     The Rules impose unique employment standards for service workers employed by air carriers and their contract service providers at the Airport.  More specifically, the Rules mandate hiring, training, English language proficiency, compensation, and benefit standards that are different from, in addition to, or in conflict with those required by federal and state law and collective bargaining agreements for these workers.

11.     These unique employment standards only apply to "Covered Employees" of "Airport Employers."  Covered Employees are defined as those who (a) have an Airport badge granting Air Operations Area ("AOA") access, and (b) have (i) regular job responsibilities within the AOA or (ii) job responsibilities related to "passenger and facility safety and security."  These terms essentially restrict application of the Rules to airline service workers employed by air carriers and their contract service providers.

12.     The Rules do not apply to (a) employers at any other Port property, such as cargo or cruise ship terminals, conference centers, marinas, and other industrial properties of the Port, or to (b) Airport jobs that do not require AOA-access badges (many of which are within the secure area of the Airport), such as dining and retail jobs at the Airport and Airport transportation services outside the AOA.

13.     The Rules (a) include "retaliation" provisions, which address communications with unions and other concerted activity regulated by federal labor laws; (b) require detailed compliance reporting; and (c) provide for civil penalties equal to treble damages for wage rule violations.

14.     The Rules' employment standards have little or no relationship to legitimate Port concerns.  Instead, the employment standards address terms and conditions of employment that are subjects for collective bargaining, and they were adopted in response to lobbying by unions and organizations associated with unions that represent or seek to represent airline service workers at the Airport.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL124094258.1

15.    Air carrier labor relations are governed by the RLA.  Many air carrier employees subject to the Rules are represented by unions, and the terms and conditions of their employment are governed by collective bargaining agreements that, in accordance with the RLA, are negotiated on a system-wide or nationwide basis.  The Rules impose terms and conditions of employment that are, in varying degrees, inconsistent with terms and conditions of employment of Covered Employees provided for in these collective bargaining agreements.

16.    Airlines for America member air carriers contract with specialized third-party vendors to provide airline and customer services at the Airport.  Contracted services include curbside check-in services, wheelchair services, ramp handling services, aircraft interior cleaning services, catering services, ground support equipment maintenance services, and aircraft fueling services.

17.    Some of these contract service providers qualify as "derivative" carriers, and their labor relations are governed by the RLA.  Other contract service providers, such as BAGS, are subject or potentially subject to the NLRA.  At least one contract service provider has union-represented employees that work at the Airport, and others are subjects of union organizing campaigns at the Airport.  The Rules impose terms and conditions of employment that are, in varying degrees, inconsistent with the terms and conditions of employment for Covered Employees of these contract service providers and interfere with collective bargaining processes under the RLA and the NLRA.

18.    The Rules will increase Airlines for America member air carriers' and BAGS's costs and will impact Airlines for America member air carriers' prices and services.

19.    The Rules purport to regulate aspects of aviation safety that are within the exclusive jurisdiction of the Federal Aviation Administration.

## V.    FIRST CAUSE OF ACTION – ADA PREEMPTION

20.    Plaintiffs incorporate by reference each of the above allegations as if they were restated within this cause of action.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF – 5

21.     The ADA preempts any state or local law that relates to prices or services of an air carrier.

22.     Air carrier services include services facilitating air travel that Airlines for America member air carriers provide directly or which they contract to third-party vendors to provide.

23.     The Rules specifically target Airlines for America member air carrier employees and third-party vendor employees that provide services to airlines and their customers, such as "skycap and baggage check-in and handling services," "baggage and cargo handling," "ground support equipment maintenance," and "aircraft ground handling services," which include "aircraft catering, cleaning, fueling, load-balancing, marshalling, dispatching, maintenance, and aircraft security."

24.     The Rules, by mandating targeted hiring and training standards and increases in minimum wages, compensation, and benefits for these airline service workers, relate to air carrier prices and services.  The Rules reflect and constitute a deliberate effort by the Port to target air carrier services and will impact air carrier costs and rates.  The Rules are preempted under the ADA and the Supremacy Clause.

## VI.     SECOND CAUSE OF ACTION – RLA PREEMPTION

25.     Plaintiffs incorporate by reference each of the above allegations as if they were restated within this cause of action.

26.     Labor relations between Airport Employers and Covered Employees are regulated by federal labor laws, including the RLA.

27.     To the extent the Rules apply to air carriers and their service providers that qualify as derivative carriers, they are preempted by the RLA, in whole or part, because they are not bona fide minimum labor standards, they purport to regulate activity intended by Congress to be left unregulated or to be addressed through system-wide collective bargaining, they impermissibly interfere with collectively bargained terms and conditions of employment, they

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

purport to regulate conduct that is arguably protected or arguably prohibited by the RLA, and/or they interfere with the congressionally mandated comprehensive scheme for collective bargaining and resolving labor disputes between air carriers and their employees.

## VII.    THIRD CAUSE OF ACTION – NLRA PREEMPTION.

28.    Plaintiffs incorporate by reference each of the above allegations as if they were restated within this cause of action.

29.    Labor relations between Airport Employers and Covered Employees are regulated by federal labor laws, including the NLRA.

30.    To the extent the Rules apply to BAGS and other air carrier contract service providers that do not qualify as derivative carriers, they are preempted by the NLRA, in whole or part, because they are not bona fide minimum labor standards, they purport to regulate activity intended by Congress to be left unregulated, they purport to regulate conduct that is arguably protected or arguably prohibited by the NLRA and/or within the jurisdiction of the National Labor Relations Board, and/or they impermissibly interfere with the congressionally mandated comprehensive scheme for collective bargaining.

## VIII.    FOURTH CAUSE OF ACTION – FAA PREEMPTION

31.    Plaintiffs incorporate by reference each of the above allegations as if they were restated within this cause of action.

32.    The FAA and its comprehensive regulatory scheme establish uniform federal standards for aviation safety that preempt state or local regulation in the field of aviation safety.

33.    The Rules regulate aviation safety.  The Port purports to justify the Rules' employment standards on the basis of aviation safety; the Rules expressly apply to aviation services occupations, including aircraft catering, cleaning, fueling, load-balancing, marshalling, dispatching, maintenance, and security; and the Rules create training and credentialing standards relating to safety in the AOA, including blood borne pathogens and biohazards training and aircraft handling training requirements.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

34.    The Rules' regulation of aviation safety is preempted by the FAA.

## IX.    FIFTH CAUSE OF ACTION – LACK OF AUTHORITY UNDER STATE LAW

35.    Plaintiffs incorporate by reference each of the above allegations as if they were restated within this cause of action.

36.    As a special-purpose municipal corporation, the Port does not possess general police powers.  The Port lacks express or implied statutory authority to legislate employment standards for third-party employers at the Airport.  The Rules are ultra vires.

37.    The Rules' provision for a treble damages penalty and failure to provide for affirmative defenses are unauthorized and invalid because they are inconsistent with Washington law and legislative intent, as expressed in RCW 49.48 (Wages-Payment-Collection) and RCW 49.52 (Wages-Deductions-Contributions-Rebates).

## X.    ENTITLEMENT TO EQUITABLE RELIEF

38.    Plaintiffs incorporate by reference each of the above allegations as if they were restated within this cause of action.

39.    The validity of the Rules is a justiciable controversy, as the Rules will become effective on or soon after January 1, 2015.

40.    The Rules, unless restrained, will cause irreparable harm to Airlines for America's member air carriers and their contract service providers, including BAGS.  Airlines for America's member air carriers and BAGS must either submit to rules and regulations that are ultra vires, preempted, and unconstitutional, at great cost that they can never recover and which will permanently alter the labor relations status quo, or violate the Rules and be subject to treble damages penalties, third-party claims by Covered Employees, and damage to goodwill for appearing to openly disregard the law.  Whatever path they choose, Plaintiffs will be irreparably harmed.

41.    Airlines for America's member air carriers and BAGS have no adequate remedy at law.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

42.     Airlines for America and BAGS are entitled to injunctive relief.

## XI.     PRAYER FOR RELIEF

Based upon the above allegations, Plaintiffs request the following relief:

A.     For issuance of a declaratory judgment:

    1.     That the Resolution and Implementing Regulations are preempted by the ADA, RLA, NLRA, and/or FAA;

    2.     That the Port and Director exceeded the Port's powers under RCW 53.08 and RCW 14.08 in passing the Resolution and promulgating the Implementing Regulations; and

    3.     That the Resolution and Implementing Regulations are void, unenforceable, and of no legal effect;

B.     For entry of a preliminary injunction, to be made permanent on final judgment, prohibiting the Port, the Director, and other Port officials from enforcing the Resolution and Implementing Regulations;

C.     For an award of Plaintiffs' costs of suit and their reasonable attorneys' fees incurred, to the extent permitted by applicable law; and

D.     For such other relief appropriate under the circumstances.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Respectfully submitted,

DATED: November 10, 2014.

s/ Kevin J. Hamilton
Eric D. Miller, WSBA No. 45214
EMiller@perkinscoie.com
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com
Charles N. Eberhardt, WSBA No. 18019
CEberhardt@perkinscoie.com

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiffs
Air Transport Association of America, Inc.
(d/b/a Airlines for America); and
Baggage Airline Guest Services, Inc.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF – 10

LEGAL124094258.1